PONDER, Judge.
The Department of Corrections, Louisiana State Penitentiary, appealed from the decision of the Civil Service Commission ordering the restoration of appellee to his previous position of Corrections Security Officer II and returning him to his previous level of pay.
The issues are the sufficiency of proof that appellee violated the rules of the Penitentiary.
We reverse and render.
Billy W. Freeman, a Corrections Security Officer II, was riding a horse and carrying a rifle across the saddle when the horse shied against a post while going through a gate. When Freeman shifted his weight to the other side, the saddle girth gave way and Freeman fell. The horse ran about fifty yards and Freeman followed. While attempting to regain control, Freeman struck the horse with the rifle butt, holding the rifle like a baseball bat and swinging it. The rifle was severely damaged when it was turned in at the armory.
Sections (j) and (n), Rule 13, of the Rules and Procedures of the Department of Corrections read as follows:
(j) No employee shall willfully or through gross negligence destroy nor cause to be lost the property of others or of the state;
(n) Employees shall handle all assigned weapons safely and in accordance with department and institution policy-
Freeman contended, and the Commission found, that the Department had not proved that the gun was damaged by striking the horse rather than by the weight of Freeman upon the gun when he fell from the horse. We have examined the record and find no error in that conclusion.
However, the Commission made the following finding of fact:
“When appellant reached the water trough, he attempted to grasp the reins of the horse. The horse reared its head up and down to keep appellant from being able to grasp the reins. Appellant took his rifle, held it by the barrel, and struck the horse across the front of the head on the bony part of the nose, ‘in an attempt to show the horse who was in charge.’ The blow was not sufficient to break the skin on the nose of the horse or leave any swollen area, but was sufficiently hard to finish breaking the cracked stock completely off of the rifle.”
The Commission later refers only to “the charges” and discusses only the damage to the stock of the rifle without specific discussion of the facts in regard to the handling of assigned weapons safely and in accordance with department and institution policy.
We believe the Commission erred. It is difficult to contend that the use of a rifle like a baseball bat in disciplining a horse is safe and in accordance with department and institution policy.
There was some testimony that the rifle would not fire because there was no live round in the chamber. There was other testimony that anything can happen when the rifle is so used. We prefer to believe the latter. Furthermore, the question of safety should not be confined to the immediate discharge of the rifle.
For these reasons, the decision of the Commission is reversed and there is now *553 judgment upholding the action taken by the appointing authority. Costs are assessed against the appellee.
REVERSED AND RENDERED.