WATKINS, Judge.
The Louisiana Supreme Court granted writs herein, ordering us to reconsider in light of Walters v. Department of Police of New Orleans, 454 So.2d 106, (La.1984), our prior opinion affirming the demotion of Billy W. Freeman, which demotion was ordered by the appointing authority of the Department of Corrections, and thereafter set aside by the State Civil Service Commission. Thus, we in effect set aside the ruling of the Civil Service Commission. See Department of Corrections v. Freeman, 449 So.2d 551, writs granted 456 So.2d 163.
The basis of the demotion of Mr. Freeman from his position as Corrections Security Officer I at Angola State Penitentiary was that he struck the horse he had been riding over the bony part of the nose with a rifle butt. Stated more fully, Freeman testified that Freeman’s mount rubbed against the post at a gate at Angola, causing Freeman to fall to the ground on top of his rifle. The fall, Freeman further testified and we have little reason to doubt, cracked the stock of the rifle. The horse ran off without a rider to a water trough some fifty yards away. Freeman walked to the trough, and holding the rifle by the barrel, struck the horse over the head or nose with the rifle butt. The rifle was loaded. The force of the blow caused the rifle butt to break loose from the rifle.
Two violations of rules were charged against Freeman by the Department of Corrections as a basis for his demotion. The violations involved the following Sections of Rule 13 of the Rules and Procedures of the Department of Corrections:
(j) No employee shall willfully or through gross negligence destroy nor cause to be lost the property of others or of the state;
(n) Employees shall handle all assigned weapons safely and in accordance with department and institution policy.
The following rules are set forth by the Louisiana Supreme Court in Walters v. Department of Police of New Orleans for the review of decisions of the Civil Service Commission:
In reviewing the commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and punishment is commensurate with the infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.
(454 So.2d 106, 114.)
Reviewing the opinion of the Civil Service Commission in the present case we see that in all probability the rifle butt with which Freeman struck the horse in the nose was already cracked by the fall that Freeman had had at the gate. Thus there was no manifest error, applying the manifest error, clearly wrong test called for by Walters, in the Commission’s concluding that Section (j) was not violated, as the rifle had been rendered unserviceable by the fall, not by striking the horse.
With respect to Section (n), we see that Freeman struck the horse with a loaded rifle. The rifle could easily have discharged and killed or injured the other guards, several of whom were nearby. It was foolhardy for Freeman to have acted as he did. Thus, we find the Civil Service *964 Commission was clearly wrong or manifestly erroneous in having concluded that Freeman did not violate Section (n) of the Rules. For that reason, the demotion ordered by the Department of Corrections was proper.
Hence, we reinstate our prior decision in this matter. We set aside the decision of the Civil Service Commission which set aside the demotion of Billy W. Freeman, and affirm the demotion ordered by the appointing authority. Costs to be paid by Billy W. Freeman.
REVERSED AND RENDERED.